**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Vincent Boyd,<br><br>            Plaintiff,<br><br>    v.<br><br>South Point Hotel and Casino,<br><br>            Defendant. | Case No. 2:25-cv-01450-JAD-BNW<br><br>**SCREENING ORDER AND<br>REPORT AND RECOMMENDATION** |

Pro se plaintiff Vincent Boyd brings this civil-rights case under 42 U.S.C. § 1983 against South Point Hotel and Casino. Plaintiff moves to proceed *in forma pauperis*. ECF No. 1. He submitted the affidavit required by 28 U.S.C. § 1915(a).

At this juncture, he has not shown an inability to prepay fees or costs or give security for them. In essence, his application states that he received $125,000 from a business. While he states he is not expecting any future payments, that does not change the fact that he has recently received $125,000. Plaintiff's request to proceed *in forma pauperis* therefore will be denied. But even if he showed pauperis status—or paid the filing fee—his claims are futile. Consequently, this Court recommends that his complaint be dismissed with prejudice in accordance with the principles of Rule 1. Fed. R. Civ. P. 1 (directing courts to apply the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding.").

**I.    ANALYSIS**

    **A.  Screening standard**

In screening a complaint, the court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Screening the complaint**

Plaintiff alleges that on December 25, 2023, a guard at the South Point Hotel and Casino grabbed him at the bathroom after being told to leave. Plaintiff asked not to be touched and started heading toward the garage. Once there, he was surrounded by additional guards and assaulted. He was eventually taken to a holding cell and kept there for over an hour.

Section 1983 holds that anyone who, "under the color of [state] law . . . subjects or causes to be subjected" any United States citizen to the deprivation of any constitutional right shall be liable. 42 U.S.C. § 1983. To state a cognizable section 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). A defendant is acting under color of state law when they exercise power "possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 48.

However, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citations and internal quotation marks omitted); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012). For a private party to be sued under section 1983, the party must be a "willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). "The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights fairly attributable to the [government]?" *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999).

However, private activity can transform into state action if "the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity. This occurs when the state knowingly accepts benefits derived from unconstitutional behavior." *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1486 (9th Cir. 1995) (internal citations, brackets, and quotation marks omitted). A private actor also acts under color of state law when they "commit[ ] constitutional violations as part of a conspiracy or joint action with a state actor." *Flournoy v. Walmart Stores, Inc.,* No. 22-CV-06057-CRB (PR), 2023 WL 6307305, at *3 (N.D. Cal. Sept. 27, 2023) (internal citations omitted); *see also Collins v. Womancare*, 878 F.2d 1145, 1154 (9th Cir. 1989) ("One way to establish joint action is to demonstrate a conspiracy."). "Joint action therefore requires a substantial degree of cooperative action" between the private and state actors. *Collins*, 878 F.2d at 1154.

First, it is not clear how security guards at a private establishment can be considered public employees. Indeed, courts routinely hold that private security guards are not public employees acting under color of state law. *See, e.g., King v. Ashley*, No. 2:14-CV-1306 KJN P, 2015 WL 9274100, at *1–2 (E.D. Cal. Dec. 21, 2015) (finding "private security guards" that worked at a gas station and the entity "that employed the guards" "were not acting under color of state law"); *Stanley v. Goodwin*, 475 F. Supp. 2d 1026, 1038 (D. Haw. 2006), aff'd, 262 F. App'x 786 (9th Cir. 2007) ("Generally, the acts of private security guards, hired by a store, do not

constitute state action under § 1983.") (citation omitted). Moreover, there is no indication that there was any state action whatsoever. Even construing the complaint in the light most favorable to him, Plaintiff has failed to state a valid section 1983 claim.

## II. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that the clerk of court must file Plaintiff's complaint (ECF No. 1-1).

**IT IS RECOMMENDED** that this case be dismissed with prejudice.

## III. NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: August 12, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE