**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Vincent Boyd,

                   Plaintiff,

    v.

South Point Hotel and Casino,

                  Defendant.

Case No. 2:25-cv-01450-JAD-BNW

**Order Adopting Report and Recommendation and Dismissing this Case**

ECF No. 3

On 8/12/25, the magistrate judge entered this report and recommendation [3]:

Pro se plaintiff Vincent Boyd brings this civil-rights case under 42 U.S.C. § 1983 against South Point Hotel and Casino. Plaintiff moves to proceed *in forma pauperis*. ECF No. 1. He submitted the affidavit required by 28 U.S.C. § 1915(a).

At this juncture, he has not shown an inability to prepay fees or costs or give security for them. In essence, his application states that he received $125,000 from a business. While he states he is not expecting any future payments, that does not change the fact that he has recently received $125,000. Plaintiff's request to proceed *in forma pauperis* therefore will be denied. But even if he showed pauperis status—or paid the filing fee—his claims are futile. Consequently, this Court recommends that his complaint be dismissed with prejudice in accordance with the principles of Rule 1. Fed. R. Civ. P. 1 (directing courts to apply the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding.").

I.    **ANALYSIS**

    **A. Screening standard**

In screening a complaint, the court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v.*
*Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only
dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of
his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir.
2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of
material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler*
*Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).
Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff
must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S.
544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*
Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se
plaintiff should be given leave to amend the complaint with notice regarding the complaint's
deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Screening the complaint**

Plaintiff alleges that on December 25, 2023, a guard at the South Point Hotel and Casino
grabbed him at the bathroom after being told to leave. Plaintiff asked not to be touched and
started heading toward the garage. Once there, he was surrounded by additional guards and
assaulted. He was eventually taken to a holding cell and kept there for over an hour.

Section 1983 holds that anyone who, "under the color of [state] law . . . subjects or causes
to be subjected" any United States citizen to the deprivation of any constitutional right shall be
liable. 42 U.S.C. § 1983. To state a cognizable section 1983 claim, "a plaintiff must allege the
violation of a right secured by the Constitution and laws of the United States and show that the
alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*,
487 U.S. 42, 48 (1988). A defendant is acting under color of state law when they exercise power
"possessed by the virtue of state law and made possible only because the wrongdoer is clothed
with the authority of state law." *West*, 487 U.S. at 48.

However, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citations and internal quotation marks omitted); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012). For a private party to be sued under section 1983, the party must be a "willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). "The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights fairly attributable to the [government]?" *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999).

However, private activity can transform into state action if "the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity. This occurs when the state knowingly accepts benefits derived from unconstitutional behavior." *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1486 (9th Cir. 1995) (internal citations, brackets, and quotation marks omitted). A private actor also acts under color of state law when they "commit[ ] constitutional violations as part of a conspiracy or joint action with a state actor." *Flournoy v. Walmart Stores, Inc.,* No. 22-CV-06057-CRB (PR), 2023 WL 6307305, at *3 (N.D. Cal. Sept. 27, 2023) (internal citations omitted); *see also Collins v. Womancare*, 878 F.2d 1145, 1154 (9th Cir. 1989) ("One way to establish joint action is to demonstrate a conspiracy."). "Joint action therefore requires a substantial degree of cooperative action" between the private and state actors. *Collins*, 878 F.2d at 1154.

First, it is not clear how security guards at a private establishment can be considered public employees. Indeed, courts routinely hold that private security guards are not public employees acting under color of state law. *See, e.g., King v. Ashley*, No. 2:14-CV-1306 KJN P, 2015 WL 9274100, at *1–2 (E.D. Cal. Dec. 21, 2015) (finding "private security guards" that worked at a gas station and the entity "that employed the guards" "were not acting under color of state law"); *Stanley v. Goodwin*, 475 F. Supp. 2d 1026, 1038 (D. Haw. 2006), aff'd, 262 F. App'x 786 (9th Cir. 2007) ("Generally, the acts of private security guards, hired by a store, do not

constitute state action under § 1983.") (citation omitted). Moreover, there is no indication that there was any state action whatsoever. Even construing the complaint in the light most favorable to him, Plaintiff has failed to state a valid section 1983 claim.

## II.    CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that the clerk of court must file Plaintiff's complaint (ECF No. 1-1).

**IT IS RECOMMENDED** that this case be dismissed with prejudice.

## ORDER

The deadline for any party to object to this recommendation was 8/26/25, and no party filed anything or asked to extend the deadline to do so. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Having reviewed the report and recommendation, I find good cause to adopt it, and I do. IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation **[ECF No. 3] is ADOPTED** in its entirety, and **THIS CASE IS DISMISSED** WITH PREJUDICE. The Clerk of Court is directed to **CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: September 2, 2025